REQUESTED BY: Ed Mims, Acting Director, Nebraska Equal Opportunity Commission
QUESTION: What action, if any, may be taken by a hearing examiner in a case if the respondent has a bankruptcy stay? Particularly, can the Commission close a case if the respondent is in bankruptcy?
 ANSWER: The NEOC may pursue litigation against an employer in bankruptcy in the exercise of its regulatory power, but may be stayed in the exercise of its quasi-judicial functions. The NEOC may also close a case when the respondent is in bankruptcy.
You have asked what action, if any, may be taken by a hearing examiner in a case if the respondent is in bankruptcy. Particularly, you want to know whether the Commission may close such a case.
Upon the filing of petition in bankruptcy, an automatic stay is imposed pursuant to 11 U.S.C. § 362 (a). This stay prohibits creditors from taking any action against a debtor or property of the debtor's estate. The stay constitutes an order of the court and is automatically imposed when the bankruptcy petition is filed. The automatic stay voids all actions taken by a creditor outside of the bankruptcy court to recover on pre-petition indebtedness, regardless of whether the creditor knew of the bankruptcy petition. The bankruptcy court has exclusive jurisdiction over the debtor's estate.
11 U.S.C. § 362 (b)(4) of the Bankruptcy Code expressly exempts "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power" from the automatic stay provisions of the code.
In EEOC v. Rath Packing Co., 787 F.2d 318, 325 (8th Cir. 1986), the court held that the automatic stay provisions of § 362 (a) did not apply to a Title VII action brought by the EEOC seeking relief such as back pay with interest and seniority. The court stated that: "when EEOC sues to enforce Title VII it seeks to stop a harm to the public — invidious employment discrimination which is as detrimental to the welfare of the country as violations of environmental protection and consumer safety laws, which are expressly exempt from the automatic stay."787 F.2d at 318.
Even though the NEOC has a right to pursue litigation against employers in bankruptcy, it may be necessary to determine whether the NEOC is pursuing litigation or merely acting as an independent fact-finding body.
Bankruptcy courts have applied two tests in deciding which governmental proceedings are excepted from the stay by section 362 (b)(4): the pecuniary purpose test and the public policy test. These tests are derived from language in the legislative history of the Bankruptcy Code:
 [S]ection [362 (b)(4)] is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.
124 Cong. Rec. H11,092 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards), reprinted in 1978 U.S. Code Ad. News 5787, 6436, 6444-45.
Courts have defined the exception in terms of pecuniary purpose: "State and local governmental units cannot, by an exercise of their policy or regulatory powers, subvert the relief afforded by the federal bankruptcy laws. When they seek to do so for a pecuniary purpose, they are automatically stayed, notwithstanding the exception found at 11 U.S.C. § 362
(b)(4)." Thomassen v. Division of Medical Quality Assurance (Inre Thomassen), 15 B.R. 907, 909 (Bkrtcy. 9th Cir. 1981).
A major concern in determining whether an administrative agency is exercising a legislative or judicial function is whether the agency's action concerns only parties who are immediately affected or a wider group of those subject to the authority of the agency or even the public as a whole. BeaconNat'l Ins. Co. v. Texas State Board of Insurance, 582 S.W.2d 616
(Tex.Civ.App. 1979).
If the Commission is acting in a quasi-judicial capacity seeking to adjudicate private rights rather than effectuate public policy, the Commission should be stayed from proceeding. Quasi-judicial proceedings involve, in essence, an adjudication of private rights.
In the example given in your letter, the case was set for public hearing; therefore, the case was before the NEOC as an independent fact-finding body. The NEOC would not be exercising its police powers in such a case, but would be acting in a quasi-judicial capacity as a neutral finder-of-fact. As such, its proceedings would be stayed by the respondent's filing of bankruptcy.
Because the automatic stay voids all actions taken by the creditor outside of the bankruptcy court, the Commission may close any case that is subject to a bankruptcy stay. The complainant would be required to seek relief, if any, through the bankruptcy court.
Sincerely yours,
 DON STENBERG Attorney General
 Alfonza Whitaker Assistant Attorney General
Approved:
Don Stenberg 
Attorney General